IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CATHOLIC LEGAL IMMIGRATION NETWORK, INC., *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 1:20-cv-3812 (APM) |
| EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, *et al.*,[1] | ) ) ) ) | |
| Defendants. | ) ) ) | |

**DEFENDANTS' NOTICE OF SUBSEQUENT EVENTS**

Defendants hereby submit this notice of subsequent events that bear on the parties' pending cross-motions for summary judgment. *See* ECF Nos. 56–58, 61–63.

This case involves Plaintiffs' challenge to a final rule promulgated by the Executive Office of Immigration Review ("EOIR") on December 18, 2020. *See generally* Compl., ECF No. 1; Department of Justice, Executive Office for Immigration Review, *Executive Office for Immigration Review; Fee Review*, 85 Fed. Reg. 82,750 (Dec. 18, 2020) ("Final Rule"). That Final Rule increased fees associated with certain filings in immigration court and at the Board of Immigration Appeals ("BIA"). On January 18, 2021, the Court stayed the effective date of the Final Rule with respect to six immigration-related fees and preliminarily enjoined Defendants from "implementing or enforcing the [six identified] fees pending final adjudication of this action." Mem. Op. and Order at 35, ECF No. 34. That ruling declined to stay or enjoin two other fee increases during the pendency of this case. *See id.* at 32–33 (declining to stay the fee increase for Form

---

[1] Daren K. Margolin, in his official capacity as Director of the Executive Office for Immigration Review, and Panela J. Bondi, in her official capacity as Attorney General of the United States, have been substituted as defendants in this case for their predecessors in office pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

EOIR-45 for filing an appeal from a decision of an adjudicating official in a practitioner disciplinary case or for filing a motion to reopen or reconsider before an immigration judge).

The parties then cross-moved for summary judgment. Briefing on those cross-motions closed with the filing of Defendants' reply brief on May 3, 2024. *See* ECF No. 63.

On July 4, 2025, President Trump signed the One Big Beautiful Bill Act ("OBBBA"). Pub. L. No. 119-21. Among other provisions, the OBBBA set new fees for each of the eight categories of immigration court or BIA filings that are at issue in this case. *See* Pub. L. No. 119-21, § 100013(d)–(j) (codified at 8 U.S.C. § 1812(d)–(j)). The fees imposed by the OBBBA are "[i]n addition to any other fees authorized by law." *See, e.g.*, 8 U.S.C. § 1812(a)(1). Thus, EOIR has implemented OBBBA fees in addition to the existing fees established by regulation. *See* Forms & Fees, Exec. Off. for Immigr. Rev., U.S. Dep't of Just., (updated Jan. 7, 2026), https://www.justice.gov/eoir/eoir-forms.[2] In doing so, EOIR complied with this Court's ruling with respect to the six fees that were subject to a § 705 stay and preliminary injunction. That is, for those six fees, EOIR increased the amount of the fee set by the OBBBA by the fee that had been established prior to the Final Rule at issue in this case. *See id.* For the two fee increases that the Court declined to stay or enjoin, EOIR increased the amount of the fee set by the OBBBA by the amount of the fee set by the Final Rule at issue in this case. *See id.*

The OBBBA also requires fees to be adjusted annually for inflation. 8 U.S.C. § 1812(d)(2)(B)–

---

[2] EOIR's implementation of the OBBBA was explained in a Policy Memorandum dated July 17, 2025. *See* Sirce E. Owen, Exec. Off. for Immigr. Rev., U.S. Dep't of Just., Policy Memorandum 25-36 (Amended), Statutory Fees Under the One Big Beautiful Bill Act (July 17, 2025), https://www.justice.gov/eoir/media/1408356/dl?inline. A district judge in Maryland stayed the effective date of the July 17 memorandum due to its discussion of a new asylum fee set by the OBBBA, which is not at issue in this litigation. *Asylum Seeker Advocacy Project v. United States Citizenship & Immigration Services*, No. SAG-25-3299, 2025 WL 3029552, at *6–8 (D. Md. Oct. 30, 2025). In response, EOIR later "rescind[ed] and cancel[led]" the July 17, 2025 memorandum. *See* Daren Margolin, Exec. Off. for Immigr. Rev., U.S. Dep't of Just., Policy Memorandum 26-01, at 1 (Jan. 2, 2025), https://www.justice.gov/eoir/media/1422321/dl?inline. In doing so, however, EOIR explained that the July 17 memorandum had "no independent legal effect beyond the OBBBA" and therefore the fees imposed by that law "remained in force." *Id.* at 2.

(j)(2)(B). And it explicitly authorizes the Attorney General to increase the noted fees by regulation above the amounts set in that statute. *See* 8 U.S.C. § 1812(d)(2)(A)(ii)–(j)(2)(A)(ii).

Defendants respectfully submit that these updates do not affect the parties' positions in this case. Because the resulting fee amount in some cases depends on the amount set in the Final Rule that is challenged in this case, Defendants do not contend that this case is moot. Moreover, "judicial review of agency action is limited to the grounds that the agency invoked when it took the action." *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 20 (2020) (citation omitted). While after the OBBBA it is now clear beyond dispute that EOIR has authority to set the categories of filing fees under review here, *see* 8 U.S.C. § 1812, it could not have relied on that authority in 2020 when it promulgated the Final Rule. Thus, Defendants rely on their prior arguments to support EOIR's authority to set the fees reflected in the Final Rule. *See* ECF Nos. 58 at 25–26; ECF No. 63 at 9–12. Defendants similarly maintain their other arguments that the Final Rule satisfies APA review and complies with the Regulatory Flexibility Act. *See generally* ECF Nos. 58, 63.

Dated: January 13, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General, Civil Division

ALEXANDER K. HAAS
Director, Federal Programs Branch

*/s/ Jacob S. Siler*
JACOB S. SILER
DC Bar No. 1003383
Trial Attorney

U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Tel: (202) 353-4556
Email: jacob.s.siler@usdoj.gov

*Attorneys for Defendants*