IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CATHOLIC LEGAL IMMIGRATION NETWORK, INC., et al., *Plaintiffs*, v. EXECUTIVE OFFICE OF IMMIGRATION REVIEW, et al., *Defendants*. | Case No.  1:20-cv-03812-APM |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUBSEQUENT EVENTS

Plaintiffs respectfully submit this response to Defendants' Notice of Subsequent Events. ECF No. 72.

This action challenges a Final Rule issued by the Executive Office of Immigration Review ("EOIR") on December 18, 2020, which imposed sharp and cost-prohibitive fee increases on individuals appearing before Immigration Courts and the Board of Immigration Appeals ("BIA"). ECF No. 1.  Shortly after the Final Rule's promulgation, Plaintiffs moved to stay its effective date or, in the alternative, for a preliminary injunction.  ECF No. 19.  On January 18, 2021, this Court granted that relief, holding that EOIR "acted arbitrarily and capriciously by disregarding the Final Rule's impact on legal service providers and their capacity to provide legal services" to people in removal proceedings, and concluding that Plaintiffs would suffer irreparable harm absent injunctive relief and that the balance of the equities and public interest favored a stay.  ECF No. 34 at 2.  The parties thereafter filed cross-motions for summary judgment, which were fully briefed on May 3, 2024.  ECF Nos. 56–58, 61–63.

On July 4, 2025, Congress enacted the One Big Beautiful Bill Act ("OBBBA").  Pub. L. No. 119-21, 139 Stat. 72 (2025).  Rather than correcting the arbitrary fee regime that this Court

1

found likely unlawful, the OBBBA dramatically increased immigration-related filing fees, including by imposing substantial new statutory charges *in addition to* existing EOIR fees for the very same filings at issue here.

Defendants acknowledge—and Plaintiffs agree—that the OBBBA does not moot this action. ECF No. 72 at 3. As Defendants recognize, the magnitude of the filing fees charged by EOIR depends in part on whether the Final Rule challenged in this case is lawful and may be implemented. *Id.* If the stay and injunction are lifted, the OBBBA's new statutory fees would be layered on top of much larger baseline fees, producing total fees between ***nine*** and ***almost nineteen*** times larger than their 2020 levels. The fee-stacking scheme is summarized below:

| Application Type | Challenged EOIR Fee | OBBBA Fee | Total Current Fee | Total Fee Absent Stay/Injunction |
|---|---|---|---|---|
| Notice of Appeal to BIA (from IJ decision) | $975 (↑ from $110) | $900 | $1,010 | $1,875 |
| Notice of Appeal to BIA (from DHS decision) | $705 (↑ from $110) | $900 | $1,010 | $1,605 |
| Suspension of Deportation | $305 (↑ from $100) | $600 | $700 | $905 |
| Cancellation of Removal (Permanent Residents) | $305 (↑ from $100) | $600 | $700 | $905 |
| Cancellation of Removal (Nonpermanent Residents) | $360 (↑ from $100) | $1500 | $1,600 | $1,860 |
| Motions to Reopen or Reconsider (BIA) | $895 (↑ from $110) | $900 | $1,010 | $1,795 |

The OBBBA thus underscores, and in no way resolves, the issues before the Court. Implementation of the Final Rule would directly and dramatically increase the fees paid by noncitizens and their representatives, and the Court's resolution of the pending cross-motions for summary judgment will have concrete legal consequences: this case presents a live controversy. *See Crowley Gov't Servs., Inc. v. Gen. Servs. Admin.*, 143 F.4th 518, 526 (D.C. Cir. 2025); *Kennedy v. Jones*, 412 F. Supp. 353, 356 (D.D.C. 1976).

Defendants also contend that the OBBBA now makes it "clear beyond dispute" that EOIR has authority to set the categories of filing fees at issue, ECF No. 72 at 3, but also concede that this case turns on EOIR's authority and conduct in 2020.  Any authority the OBBBA may confer does not affect the outcome here.

In sum, this action remains live, and the resolution of the pending cross-motions will have concrete legal consequences for Immigration Court and BIA filers.

Dated:  January 23, 2026

Respectfully submitted,
 /s/ *John Matthew Butler*
John Matthew Butler (D.C. Bar No. 1721350)

Richard W. Mark (*pro hac vice*)
Joseph Evall (*pro hac vice*)
Katherine Marquart (D.C. Bar No. 1044618)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel: (212) 351-4000
Fax: (212) 351-4035
rmark@gibsondunn.com
jevall@gibsondunn.com
kmarquart@gibsondunn.com

John Matthew Butler (D.C. Bar No. 1721350)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Tel: (202) 955-8500
Fax: (202) 467-0539
mbutler@gibsondunn.com

Michelle Lapointe (DC Bar No. 90032063)
Emma Winger (D.C. Bar No. 90010721)
AMERICAN IMMIGRATION COUNCIL
1331 G Street NW, Suite 200
Washington, D.C. 20005
Tel: (202) 507-7512
mlapointe@immcouncil.org
ewinger@immcouncil.org

Joanna Elise Cuevas Ingram (D.D.C. Bar No. NY0677)

3

NATIONAL IMMIGRATION LAW CENTER
P.O. Box 34573
Washington, DC 20043
Tel.: (213) 377-5258
cuevasingram@nilc.org


*Counsel for Plaintiffs*

4